UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LOVEBOOK, LLC,**
a Michigan Limited Liability Company,

        Plaintiff,

v.

**MYLOVEBOOK, INC.,**
a Texas Corporation,

        Defendant.

Case No. 2:11-cv-15711-AC-RSW

District Judge:
    Hon. Avern Cohn, presiding

Referral Judge:
    Hon. R. Steven Whalen

_____/

Russell D. Brown (P60583)
R.D. BROWN, PLC
543 Marlpool Drive
Saline, Michigan 48176
(734) 604-1522 office
(734) 944-3169 facsimile
rdbrown@rdbrownlaw.com

   - and -

Steven N. Rich (P67025)
*Of Counsel,* DAWID & GATTI PLLC
214 South Main Street, Suite 204
Ann Arbor, Michigan 48104
(734) 904-5732 office
(734) 761-1114 facsimile
steve@steverichlaw.com

*Attorneys for Plaintiff*



FILED
SEP 27 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

_____/

## JUDGMENT AND PERMANENT INJUNCTION

**WHEREAS,** Plaintiff LoveBook, LLC, alleging among other things, violations by Defendant Mylovebook, Inc., of Plaintiff's rights in its Trademarks "LoveBook" and

"LoveBook Online"; and

**WHEREAS**, the Court finds, and Defendant acknowledges, that Plaintiff has valid and subsisting rights in its service marks "LoveBook" and "LoveBook Online," as they relate to radio broadcasting services; publishing; advertising, marketing, and promotional services; and audio production services, which rights arose prior to and are superior to any rights in said marks claimed by Defendant; and

**WHEREAS**, on December 30, 2011, Plaintiff commenced the above-captioned action against Defendant alleging trademark infringement pursuant to 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, false advertising pursuant to 15 U.S.C. § 1125, common law unfair competition, common law unjust enrichment, and a violation of MCL §429.42; and

**WHEREAS**, Defendant was served with Plaintiff's complaint on January 5, 2012; and

**WHEREAS**, on February 13, 2012, the Court entered a default against Defendant for failure to plead or otherwise defend; and

**WHEREAS**, the parties had informal discussions to try and resolve the matter amongst themselves, but Defendant ultimately has not comply with the terms of the agreement (See Exhibit A); and

**WHEREAS**, the United States Patent and Trademark Office has granted LoveBook the following trademarks:

    (a)    Serial number 85/131970. Mark: LoveBook Online (Standard Characters, mark.jpg).

    (b)    Serial number 85/131952. Mark: LoveBook ONLINE.COM

You've Just Been Loved (stylized and/or with design, mark_993527196-102248582.Love-Book-online-Logob.jpg); and

**WHEREAS**, the Court having found that Defendant has infringed upon the LoveBook Marks, in violation of 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114; and

**WHEREAS**, the Court having considered Plaintiff's application for entry of a default judgment against Defendant.

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant, their partners, directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Mylovebook, Inc., are **PERMANENTLY ENJOINED** from:

(i) Directly or indirectly using the LoveBook Marks or any other trademark of Plaintiff or any colorable imitation or variant thereof, as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Mylovebook, Inc. with LoveBook, LLC or as to the origin, sponsorship, or approval of Mylovebook's goods, services, or commercial activities, by Mylovebook, Inc. enjoining specifically, but not limited to, Mylovebook's use of "love book" or variants thereof.

(ii) That Defendant be permanently required to cease the use of the domain name Mylovebook.com, and to immediately shut down and disable the website accessed via said domain name, and to transfer and assign said domain name to LoveBook, LLC;

(iii) That Defendant do all things necessary to transfer the domain name Mylovebook.com and assist Plaintiff in perfecting their rights to the url, including, but not limited to, disclosure of the E.P.P. for all Domain Registration Companies. On

information, Plaintiff currently believes that the registrant is Domains by Proxy, LLC, DomainsByProxy.com, 14747 N Northsight Blvd Suite 111, PMB 309, Scottsdale, Arizona 85260, United States. Phone - (480) 624-2599 Fax - (480) 624-2598. The domain name is registered through: GoDaddy.com, LLC (http://www.godaddy.com). See Exhibit B and C.

(iv)     That Domains By Proxy, LLC and GoDaddy.com, LLC shall assist Plaintiff in acquiring any and all information necessary to transfer and perfect their rights to the url www.Mylovebook.com and shall terminate any and all affiliate marketing that is directing traffic from other sites to this or any other similar derivation thereof.

(v)     That Defendant be required to account to Plaintiff for all income and benefits received by Defendant from the use of Plaintiff's trademark, or colorable imitation thereof, and that Defendant be required to disgorge all such income;

(vi)     That Defendant be required to deliver to Plaintiff, at Defendant's sole expense, any and all goods or products that use or bear any trademark of Plaintiff's, or any colorable imitation thereof;

(vii)     That Defendant pay Plaintiff all damages available under the Lanham Trademark Act, including treble damages suffered by Plaintiff as a result of Defendant's violations of Plaintiff's rights under 15 U.S.C. § 1114, as aforesaid;

(viii) That, pursuant to 15 U.S.C. § 1116, Defendant be required to file with the Court, and serve on Plaintiff, a written report, within seven (7) days, under oath, detailing the manner in which Defendant has complied with the injunction entered by the Court.

(ix). That, pursuant to 15 U.S.C. § 1117, the Court hereby awards plaintiff (i) its reasonable attorneys' fees and costs in the amount of $10,790.00; Judgment against

Defendant shall be entered in the amount of $10,790.00.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is dismissed with prejudice, with the Court retaining jurisdiction to adjudicate and enforce the terms of this Judgment and Permanent Injunction.

The Clerk of the Court is directed to **ENTER JUDGMENT** in favor of Plaintiff.

Dated: SEP 2 7 2012

/s/ _____
Honorable Avern Cohn
United States District Judge

Exhibit A

Settlement Agreement
June 19, 2012

Subject to the following, My Lovebook LLC is willing to refrain from securing a judgment against Richard Lee and/or Regina Lee and My Lovebook in the matter entitled Love Book LLC v. My Lovebook, Inc, case #2:11-cv-15711-AC-RSW filed in U.S. District Court, Eastern District of Michigan.

My Lovebook, via Richard Lee, will take the following actions and otherwise cause the following to take place:

a) My Lovebook shall send a valid $2000 cashier's check by overnight mail, made out to Steven N. Rich, Attorney ("Rich"), to arrive at his office address on Thursday June 21, and shall transmit an image of said check via email to Rich prior to mailing;

b) My Lovebook shall transmit to Rich via email proof of having filed a dismissal of its Opposition Action against Lovebook LLC in the United States Patent and Trademark Office by close of business on Wednesday June 20, 2012;

c) Beginning on June 20, 2012, My Lovebook would honor the following 90 day timeline: For the initial 45 days, My Lovebook would continue displaying and using its present www.mylovebook.com URL and related marketing materials. During the next 45 days, My Lovebook would cease in any way to infringe on Lovebook LLC's "Love Book" marks as defined in the above lawsuit, except that during that period Lovebook LLC would permit My Lovebook to redirect Internet traffic from its present URL to a new URL and new rebranded website. Upon the elapsing of both of those 45 day time periods, ie a total of 90 days starting on June 20, 2012, My Lovebook would assign, or cause to be assigned, all rights to the present MyLovebook URL to Lovebook LLC.

Following the end of the aforementioned 90 day period, no later than 30 days after confirmation of My Lovebook's full and timely compliance with the above terms, Lovebook LLC would file an appropriate Consent Judgment with the Court documenting a 'no - fault' settlement between the parties. Settlement details will be kept confidential by both parties.

The parties agree to an amicable settlement of this matter under the above terms.

_____
Steven N. Rich
attorney for Lovebook, LLC

_____
Richard Lee
authorized representative of My Lovebook Incorporated

9/26                                                                                                                              1